## GREEN *v.* HOLZER.

Opinion delivered May 17, 1915.

1. HOMESTEAD—SALE OF—JURISDICTION OF EQUITY—REMEDY.—Where the homestead of minor children is sold, under order of the chancery court on a petition for partition, it not appearing that the land was a homestead, the sale is not void, but chancery having jurisdiction, the error could have been corrected by appeal.

2. HOMESTEAD—SALE OF—VALIDITY—ACTS OF MINORS—RIGHT OF PURCHASER TO REPUDIATE.—The homestead lands of minors were sold under partition, and appellants were substituted for the pur-

chasers, and executed a bond for the purchase price. After the minors became of age they executed a deed to the lands and tendered the same to appellants. *Held*, thereafter neither the minor heirs nor appellants could challenge the validity of the sale.

3. MINORS—SALE OF LANDS—PRESUMPTION.—In the absence of a showing to the contrary, in a sale of lands of minors on partition, it will be presumed that the court made all proper orders for the protection of the minors according to law, in ordering the sale of the land for partition.

4. ADMINISTRATION—SALE ON PARTITION OF DECEASED'S LANDS BEFORE PAYMENT OF DEBTS.—Lands belonging to the minor heirs of deceased were sold for partition and purchased by A., for whom appellants were later substituted. Appellants had knowledge of all the facts and were voluntary parties to the proceedings. *Held*, the sale would not be set aside, when appellants collaterally attacked the decree on the ground of fraud, because of the fact that when the lands were sold, that all the debts of the deceased were not paid, and that the lands sold for partition would be required to pay the same.

Appeal from Garland Chancery Court; *A. Curl,* Special Chancellor; affirmed.

STATEMENT BY THE COURT.

The facts as stated by the chancellor are substantially as follows:

On the 12th day of April, 1911, the defendants, Agatha M. Goodlet, Janette Frisby, William Becker, Jr., deceased, Margaret Brock, Lucy Becker, Mamie and Frank Becker, minors, by guardian and next friend, Agatha M. Goodlett, and Edward Donnelly, Lawrence Donnelly, Dorothea Donnelly, minors, by their father and next friend, E. C. Donnelly, filed their suit in the chancery court against Florence Holzer, for partition of certain lands belonging to the plaintiffs and defendant as heirs at law of William Becker, deceased. Florence Holzer, the defendant, was regularly summoned but failed to appear and default was entered against her. The court found that the property was not susceptible of partition in kind and decreed a sale of the same. The property was sold and two of the lots were purchased by Otto Holzer. H. A. Green and J. A. Riggs became sureties on the bond executed by Holzer for the payment of the purchase

money of the property, the bond being in the sum of
$1,490. The sale was reported to the court and ap-
proved. Riggs and Green, by consent of Holzer, inter-
vened and were subrogated to the rights of Holzer in the
land, and the court directed that upon the payment of the
purchase money the commissioner should execute a deed
to them for the property. The court found that the pur-
chase money was past due and unpaid and ordered exe-
cution issued against Holzer, Riggs and Green for the
purchase money. Execution issued and the sheriff
levied the same on the property belonging to Riggs. At
the sheriff's sale Riggs bought the property in for $1,490
and executed a bond with M. J. Henderson as surety
for the payment thereof within three months. The
amount named in this bond was not paid. After the ma-
turity of the last bond Riggs and Green instituted the
present suit against Otto Holzer and the heirs of Wil-
liam Becker, setting up that the sale under the partition
decree was void for the reason that the land sold was
the homestead of William Becker at the time of his death
and was the homestead of his minor children at the time
of the partition decree, and that this fact was concealed
from the court, and therefore the sale was void. They
asked that the entire proceedings growing out of the par-
tition decree, including the sale of the property of Riggs,
be set aside.

The court found that it was true that the land pur-
chased by Holzer at the commissioner's sale, and for the
payment of the purchase price of which Green and Riggs
became surety on the bond of Holzer was, at the time
of the death of William Becker, his homestead; that
Frank and Mamie Becker were under twenty-one years
of age at the time the land was sold under the decree for
partition; that they were made parties to the suit for
partition by their guardian, Agatha M. Goodlett; that the
petition for partition, however, did not show, nor did any
of the evidence in the suit for partition disclose that
the land partitioned had been the homestead of their
father, William Becker. It was alleged in the petition
for partition that Frank and Mamie Becker were in need

of their share of the property for their maintenance and education. The court further found that before the institution of the present suit by Green and Riggs to vacate the judgment for partition Frank and Mamie Becker had attained their majority and had executed and tendered to Green and Riggs a quitclaim deed to the property.

The court further found that there had been claims probated against the estate of William Becker, deceased, amounting to the sum of $550, and that there were no funds in the hands of the administrator with which to pay these sums, and that it would be necessary to use the proceeds of the land sold in the partition suit to pay these claims.

The court thereupon ordered that the administrator be made a party to the suit instituted by Riggs and Green and directed him to file a statement of the claims probated against the estate of William Becker remaining unpaid, together with a statement of the unpaid costs of administration of said estate in the chancery court, and directed that on the receipt of the purchase money for the property sold in the partition suit the same be subject to the further order of the court, and retained control of the case for any further orders that might be necessary for the protection of the parties and others "that may by proper proceedings become parties to the suit," and dismissed the complaint of the plaintiffs for want of equity. Green and Riggs have duly prosecuted this appeal.

*Thurston P. Farmer,* for appellants.

1. In an action for partition, the court is without jurisdiction to order a sale of the homestead of minors, and a sale of their homestead under such an order is void, and can not be ratified by the minors after coming of age. 31 Ark. 145.

2. If the sale was void the Donnelly heirs did not part with their interest and have not and can not ratify the same. Moreover, even if the proceedings had been regular and the sale valid, they were not protected by the

bond required by statute. Kirby's Dig., § 5800; 119 S. W. (Ky.) 769; 112 S. W. (Ky.) 665; Knapp on Partition, 414, 415; Id. 423.

3. Before the petition for partition was filed and the sale made, the estate of Wm. Becker, deceased, was being administered in the probate court of Garland County, a large amount in claims had been filed and allowed, and were and still are unpaid. The chancery court, after the probate court had taken charge of the estate had no authority to supersede the jurisdiction of the probate court in the matter of these claims.

*M. S. Cobb,* for appellees.

1. The judgment should be affirmed for failure of the appellants to present a sufficient abstract of the pleadings, records and evidence as required by rule nine. 80 Ark. 259; 88 Ark. 449; 75 Ark. 471; Id. 349; 83 Ark. 133; 84 Ark. 552; 85 Ark. 123; 101 Ark. 207.

WOOD, J., (after stating the facts). It is unnecessary to set out and discuss in detail the evidence. The findings of fact of the chancellor are in accord with the preponderance of the evidence.

The appellants contend that the court had no jurisdiction to order a sale of the homestead of the minors in a suit for partition, and that for that reason the sale was not voidable but was absolutely void, and therefore one that could not be ratified by any subsequent conduct of the minors after becoming of age.

(1) The contention of the appellants is unsound. The court looked to the allegations of the complaint or petition in partition to determine its jurisdiction. In that complaint it was not revealed that the land sought to be partitioned was the homestead of minors. The chancery court had jurisdiction over the subject-matter, that is, the partition of the lands, and while it might have been erroneous for the chancery court to have ordered a sale of the land that constituted the homestead of minors, this error was one that did not render the decree absolutely void, and the error could have been corrected by appeal in the same case.

(2)   The court having jurisdiction of the subject-matter, correctly held that Frank and Mamie Becker, the minors of William Becker, whose homestead right was sold under the decree for partition, having reached their majority, and having executed and tendered a deed to the appellants to the land constituting the homestead, could not thereafter challenge the sale of the land to appellants, and also correctly held that the appellants, by the consent of the purchaser, having been substituted in his stead and executed a bond for the payment of the purchase money, were in no position to challenge the validity of the sale.

(3)   Learned counsel for appellants, in their brief, suggest that the Donnelly heirs, who were minors and also heirs of William Becker and interested in his estate, had not ratified the sale, and that the sale should be cancelled because no bond had been executed by the guardian of the Donnelly minors for the protection of their shares as required under the provisions of section 5800 of Kirby's Digest. But the appellants do not abstract any pleadings showing that this was alleged by the appellants in their complaint as one of the grounds why the judgment should be vacated, and there is no testimony abstracted which shows that this was made an issue in the court below. It must be presumed, in the absence of anything appearing to the contrary in this record, that the court made all proper orders for the protection of the minors according to law in ordering the sale of the land for partition, and in the absence of proof to the contrary, it must be presumed that the guardians of the Donnelly minors had executed the bond that they were required to give as such guardians before receiving any proceeds that might be coming to their wards as heirs out of the estate of William Becker, deceased. Moreover, the appellants had been made parties to the suit for partition and if the provisions of section 5800 of Kirby's Digest in regard to the execution of a bond by the guardians of the Donnelly minors had not been complied with doubtless upon the suggestion of this fact to the chancery court it would have made all proper orders in the prem-

ises before exacting payment of the purchase money by the appellants. It is too late to raise this issue here for the first time, even if it had been sound when properly presented in the court below, which we do not decide.

Appellants allege as one of the grounds for vacating the decree that at the time the decree was rendered the estate of William Becker was in process of administration by the probate court, and that more than $500 of claims had been probated and allowed, but not paid, and that he had no property with which to pay these claims except the lots that the chancery court had ordered sold in partition; that these facts were known to the parties to the partition suit and were knowingly concealed from the court for the purpose of perpetrating a fraud on the court and the appellants; that the appellants at the time they signed the bond of the purchaser at the sale for the purchase money of the lot did not know of the fraud and they still did not know of such fraud at the time they were made parties to the partition suit and were, by order of the court, subrogated to the rights of Otto Holzer, the purchaser.

(4)　The court, as already stated, had jurisdiction to partition the land in controversy, and appellants voluntarily were made parties to the suit in partition before the commissioner in said suit was directed to collect the purchase money for which the land was sold, and for the payment of which by the purchaser, appellants had executed their bond. The matter of the estate of William Becker being in process of administration and the probation of claims against the estate being all prior to the filing of the suit for partition and the decree of the court ordering the sale of the land for partition, these were matters pending before the probate court and of public record before appellees were made parties to the suit for partition. They could and should have been set up in that suit by the appellants and if the court had proceeded to distribute the proceeds of the sale in the face of allegations and proof that the estate was indebted and in process of administration and that these lands were the only assets of the estate out of which the debts

could be paid, and had nevertheless entered a decree for final distribution of the proceeds, this would have been an error which appellants could have corrected on appeal. Being parties to the partition proceedings before the final judgment was rendered confirming the sale and disposing of the proceeds of that sale, they should have presented these matters in that case and corrected any error of the court by direct attack on that judgment on appeal. Their suit here is but a collateral attack on the judgment of the chancery court having jurisdiction over the subject-matter and the parties, and that judgment is conclusive of the matters in regard to the administration pending in the probate court which appellants now seek to have considered as a ground for vacating the judgment. Moreover appellants, by voluntarily executing the bond for payment of the purchase money by the purchaser and by having themselves made parties and substituted in his stead; and, as the abstract by the appellees shows, having procured a deed from the purchaser and taken possession of the property and held the same out as their own, they are not in a position in this collateral proceeding to repudiate the sale which they had by their voluntary conduct ratified. Furthermore, the chancery court has directed the proceeds of the purchase money to be paid by the appellants and, when collected by the commissioner, to be held to await the further orders of the chancery court. The chancery court thus has it in its power to prevent any irreparable injury to the appellants before the distribution of the money paid by them has been made.

The court was correct in dismissing the appellants' complaint for want of equity, and its decree is in all things affirmed.