KULBETH *v.* DREW COUNTY TIMBER COMPANY.

Opinion delivered September 25, 1916.

1. PROPERTY—HOMESTEAD—OCCUPANCY BY LIFE TENANT—RIGHT OF REMAINDERMAN.—A remainderman cannot claim homestead in land during the life and occupancy of the life tenant.

2. PROPERTY—LIFE ESTATE—REMAINDER—MERGER.—A widow, after remarriage, occupied her homestead with her second husband; he then purchased the interest of his step-children in the said land. *Held.* The life estate and the remainder were not thereby merged, and during the life of his wife the remainderman could not claim homestead in the said land.

3. HOMESTEAD—RIGHTS OF WIDOW AND CHILDREN.—The widow and minor children of deceased share equally in the homestead until each of the minors arrives at twenty-one years of age.

4. HOMESTEAD—CONSTRUCTION OF HOMESTEAD LAWS.—Laws pertaining to the homestead right of the widow and minor children will be construed liberally in favor of the homestead claimants.

5. HOMESTEAD—REMARRIAGE OF WIDOW.—The widow does not lose her homestead by remarrying, and her children by a second marriage cannot share in the homestead acquired from her first husband.

6. ADMINISTRATION—SALE OF LAND TO PAY DEBTS.—The probate court has jurisdiction to order an administrator to sell lands of the estate to pay the debts of the decedent.

7. ADMINISTRATION—SALE OF LANDS—PRESUMPTION OF JURISDICTION.—
Where the probate court ordered the sale of decedent's lands, but
the order did not recite the necessity therefor, it will be presumed that
the petition which formed the basis of the court's order and the evi-
dence which was adduced to support the petition, showed every fact
that was essential to give the court jurisdiction to make the order of
sale. *Semble.*—The rule is different where the judgment of the probate
court is rendered in a proceeding not in accord with its statutory
jurisdiction, or according to the course of the common law, but con-
cerning a subject matter, the jurisdiction of which is conferred by
special statutes.

8. ADMINISTRATION—SALE OF LAND—PRESUMPTION AS TO JURISDIC-
TION.—Where the record is silent with respect to any fact necessary
to give the court jurisdiction, it will be presumed that the court
acted within its jurisdiction.

9. ADMINISTRATION—SALE OF LANDS—DESCRIPTION IN COURT'S ORDER.—
Where the petition asks that all the lands belonging to deceased be
sold to pay his debts, the sale will not be declared void, because the
order of court, ordering the sale, did not describe the same.

10. ADMINISTRATION—SALE OF LANDS—REPORT OF SALE BY ADMINIS-
TRATOR.—The report of the sale of deceased's lands, for the payment
of his debts, *held,* to have been made in compliance with the statutes.

11. HOMESTEAD—PROOF OF.—One R resided with his wife, the parties
living upon the homestead land of the wife, acquired through a
former marriage. R acquired a tract of land immediately adjoining
which he cultivated, and for a time lived upon. *Held.* R's claim
of homestead in the said land was valid.

12. HOMESTEAD—SALE FOR DEBT—RIGHTS OF MINOR CHILDREN.—The
sale of the homestead, to pay debts, by the administrator, during the
minority of the children, is void.

13. LIMITATIONS—SALE OF HOMESTEAD—RIGHTS OF MINOR CHILDREN.—
Where the homestead has been sold, the statute of limitations does
not begin to run against the minor children until the youngest child
becomes of age

14. JUDGMENTS—COLLATERAL ATTACK.—Errors and irregularities are
not grounds for vacating a judgment by way of collateral attack.
A judgment must be assailed only in a direct proceeding in the nature
of a review on error.

15. CONFIRMATION OF TITLE—MATTERS BEFORE THE COURT—PRESUMP-
TION.—Where a party's title to land has been confirmed by proceed-
ings under the statute, in a collateral attack upon the decree, it will
be presumed that the court passed upon the question of whether there
were any adverse occupants of the land or as to whether the petitioner
had knowledge that any other person had an interest in the land.

Appeal from Drew Chancery Count; *Zachariah T.
Wood,* Chancellor; reversed in part; affirmed in part.

## STATEMENT BY THE COURT.

This action was instituted in the chancery court by W. C. Kulbeth against the Drew County Timber Company and had for its purpose the cancellation of certain deeds to the defendants as a cloud upon the plaintiff's title. The material facts are as follows:

John Clark, Sr., died in 1890, leaving surviving him his widow, Laura J. Clark and three minor children, viz.: John Clark, Allen T. Clark and Cora Clark. At the time of his death he had a homestead in Bradley County, Arkansas, consisting of eighty acres of land. About two years after his death, his widow married A. R. Russell. After their marriage, she and her children by her first marriage and her second husband continued to occupy her homestead. A. R. Russell made a contract with his step-children for their interest in the homestead. Allen T. and Cora Clark agreed to convey to Russell, when they arrived at the age of twenty-one years, their interest in the whole eighty acres and as soon as each of them became twenty-one a deed was executed to Russell in conformity with the agreement and he paid a money consideration for the land. John Clark conveyed to Russell his interest in the north forty of said homestead, and in consideration therefor, Russell conveyed to him his interest in the south forty of said homestead. Russell only filed for record the deed from Allen T. Clark. Russell made his agreements, concerning the homestead, with his step-children in 1894 and the deeds were executed at various times from 1898 to 1900. The defendant procured quit claim deeds from John and Cora Clark and filed them for record respectively, on September 30, 1908, and October 5, 1915. In 1894 A. R. Russell while he was living with his family on his wife's homestead in Bradley County, entered from the State a quarter section of land adjoining it and after complying with the statutes in regard to residence on the land and improving the same, in 1898 received from the State a donation deed therefor. After receiving his donation deed, Russell sold all of it except fifty acres. This fifty acres was immediately west of the

forty acres in Bradley County on which he and his family resided. There was cleared land on both tracts and it was used as one farm by Russell until his death in 1905. These two tracts of land were all that Russell had any interest in at the date of his death. His widow became administratrix of his estate and in July, 1906, procured an order of the probate court to sell the land belonging to his estate. The land was sold under orders of the probate court and W. M. Miller and H. S. Daniel became the purchasers at the sale. Mrs. Russell executed a deed to them in the ordinary form of a warranty deed, reciting that Mrs. L. J. Russell, administratrix of the estate of A. R. Russell, deceased, was the grantor in the deed. The deed is endorsed "Examined and approved. This 17th of January, 1907. J. D. Singer, Judge."

At the January term, 1907, of the probate court, the deed of the administratrix to Miller and Daniel was by the court examined and approved and an order entered of record to that effect. On September 28, 1908, Miller and Daniel conveyed the lands to the defendant, Drew County Timber Company. On June 15, 1909, the chancery court of Drew County entered a decree confirming the title of the lands in Drew County in the defendant and on August 18, 1909, a similar decree was entered in the chancery court of Bradley County in regard to the lands in that County. Both of these confirmation suits were had under the statutes and no one was made a defendant thereto. Neither plaintiff nor his vendors were aware of the suit. In November, 1912, Mrs. Laura J. Russell died. In October, 1914, the heirs of A. R. Russell, deceased, executed deeds to the plaintiff, W. C. Kulbeth, and he commenced this suit on March 24, 1915, against the Drew County Timber Company.

The chancellor was of the opinion that the lands embraced in this suit did not constitute the homestead of A. R. Russell and that the sale of them after his death by the administratrix of his estate under orders of the probate court was valid. A decree was accordingly entered of record reciting these facts and dismissing the

complaint of the plaintiff for want of equity. The case is here on appeal.

*Henry & Harris*, for appellant.

1.  The court erred in holding, as a matter of law, that neither the land in Bradley nor in Drew Counties constituted the homestead of Alva R. Russell. The tracts adjoined, constituted one farm, parts of both were in cultivation by Russell. Conceding that his wife had a homestead right in the Bradley County forty as the widow of John Clark, Sr., the fact remains that Russell at the time of his death, had already acquired the title of the heirs of Clark, and was occupying and claiming a homestead in both tracts. The homestead right of Laura J. Russell was merged into her greater homestead right as the wife of Russell. 16 Cyc. 665-6. Adjoining tracts owned separately by man and wife, one of which is occupied as a home and both not exceeding the statutory limit, comprises the homestead. 69 Miss. 67.

If Alva Russell had a homestead right, the probate sale is void, 79 Ark. 408; and limitations do not run until the youngest child is of age. 83 Ark. 196; 87 *Id.* 428; 92 *Id.* 143. Kirby's Digest, § 5060 was not plead by defendant.

2.  The probate sale was void for want of jurisdiction in the court. 59 Ark. 483; 54 *Id.* 627; Kirby's Digest, § 3793; 86 Ark. 368; 89 *Id.* 284; 106 *Id.* 563; 115 Ark. 385; 116 Ark. 361.

Kirby's Digest, §§ 3793, 189, 190-1, etc., provide for a proceeding *in rem* and the lands must be described. 37 Ark. 155. No order of sale of the lands was made and Miller and Daniel acquired no title. 92 Ark. 299; 116 Ark. 361. There were no debts against the estate of Russell; the lands were not specified; no appraisement was filed; no advertisement shown nor the time for sale and there was no report. This is not a collateral but direct attack upon a judgment.

3.  The confirmation decrees are ineffective as to appellant. No defendants were named; the suits were *ex parte*. 96 Ark. 540; 83 *Id.* 154; 75 *Id.* 427. Appellee

knew of the claims of the Russell heirs and failed to make them parties. 117 Ark. 418; 99 Ark. 446. The heirs were minors and the statute did not run against them.

*Williamson & Williamson*, for appellee.

1. Neither the land in Bradley County nor Drew County ever became the homestead of A. R. Russell; but if the Drew County land ever was his homestead it was abandoned many years before his death. 57 Ark. 179; 78 *Id.* 479; 84 *Id.* 359; 89 *Id.* 506; 76 *Id.* 575; 68 *Id.* 76; 101 *Id.* 101; 104 *Id.* 316; 28 *Id.* 493; 60 *Id.* 262; 116 *Id.* 106.

The Bradley County land never became Russell's homestead because he never had the right of occupancy. Kirby's Digest, § 763; 86 Ark. 398; 44 *Id.* 153; 145 U. S. 492; 12 Sup. Ct. 892; 21 Cyc. 503-e. The doctrine of merger is not favored. 16 Cyc. 665; 10 R. C. L. 666. It is now practically extinct.

An inchoate right of dower or homestead is not an estate and there could be no merger. 98 Ark. 124; Am. Cas. 1912 D. 776; 61 Ark. 29; 53 *Id.* 400. A wife is entitled to a homestead in her separate estate. 54 Ark. 9; 21 Cyc. 507. A living homestead claimant must have actual residence on the land, 28 Ark. 493; 116 *Id.* 103. But as to the vested estate of homestead the widow and minors do not have to occupy the homestead at all. 183 S. W. 205. There can not be two vested homestead rights in the same land at the same time. 73 Ark. 268.

2. The defendant plead the statute of limitations.

3. The probate sale was not void. This was a collateral attack. 121 Ark. 474; 118 Ark. 449; 92 Ark. 611. The records of the probate court are not before this court; the presumption of regularity is against the appellant. 103 Ark. 574; 92 *Id.* 616. The judgment of the probate court settled the necessity for the sale and it cannot be collaterally attacked. 102 Ark. 114; 103 *Id.* 574; 92 *Id.* 611; 122 Ark. 590. Every presumption is in favor of the regularity of the proceedings. 90 Ark. 167; 92 *Id.* 616; 78 *Id.* 481; 105 *Id.* 265; 118 Ark. 533; 75 Ark. 176, 180-1.

4. There was no proof of title in appellant. 38 Ark. 181, 278. Unrecorded deeds do not prove title. 40 *Id.* 238.

5. Plaintiff and the Russell heirs are barred by laches. 87 Ark. 233; 55 *Id.* 95; etc. Also by the five years statute, 76 Ark. 150; 46 *Id.* 37; 39 *Id.* 158.

HART, J. (after stating the facts). The chancellor held that A. R. Russell did not have any homestead right either in the land situated in Bradley County or that situated in Drew County.

(1-5) Counsel for the plaintiff earnestly insist that the conclusions of law reached by the chancellor are erroneous. Under the facts presented by the record and in view of the conclusion we have reached, it will be necessary to discuss the Bradley County land and the Drew County land separately. It will be remembered that John Clark, Sr., died owning a homestead of eighty acres in Bradley County. He left surviving him his widow and three minor children. In about two years after his death his wife married A. R. Russell and she and her husband and her children by her first husband continued to reside on the homestead. Russell purchased the interest of his step-children in the homestead and as each of them arrived at the age of twenty-one years, a deed was executed to him therefor. Thus it will be seen that Mrs. Russell owned a life estate in the land and her husband the remainder. There is nothing in the record to show that Mrs. Russell abandoned her homestead right or attempted to convey the same to her husband. After her marriage to Russell she permitted him to occupy her homestead with her. This could not in any event merge the life estate and remainder and we have held that a remainderman cannot claim homestead in the land during the life and occupancy of the life tenant. *Brooks* v. *Goodwin*, 123 Ark. 607. Moreover, under our constitution the widow and minor children share equally in the homestead until each of the minors arrive at twenty-one years of age. Article 9, section 6, of the Constitution of 1874. Our constitution gives the homestead to the widow and

children without restrictions. It is the settled policy in this State that laws pertaining to the homestead right of the widow and minor children shall be construed liberally in favor of the homestead claimants. The homestead is for the benefit of both the widow and children of the decedent. The widow does not lose her homestead by remarrying. Neither could her children by her second husband share in the homestead acquired from her first husband. *Colum* v. *Thornton* 122 Ark. 287, 183 S. W. 205. This shows that the homestead is an indivisible estate and incapable of merger under the facts of this case as contended by counsel for the plaintiffs. Even if the homestead acquired from the first husband was capable of merger with the contingent homestead of the second husband, the right of homestead in the land of her first husband, which had already become vested in the widow by his death, would be the greater estate and her right to the homestead as the wife of her second husband would be merged in it. For these reasons we think the chancellor was right in holding that A. R. Russell did not have any homestead interest in the Bradley County land. This makes it necessary for us to consider whether or not the probate sale of the Bradley County land was valid.

(6-8) After A. R. Russell died his widow became administratrix of his estate and sold both the Bradley and the Drew County lands under orders of the probate court. It is contended that the order of sale did not contain a recital showing the necessity therefor and for that reason the sale is void. The probate court under our statutes had jurisdiction to order the administratrix to sell the lands to pay the debts of decedent. The probate court is a court of superior jurisdiction and was in its jurisdictional limits. Its judgments import absolute verity. We therefore, must apply the rule that where the record is silent with respect to any fact necessary to give the court jurisdiction, it will be presumed that the court acted within its jurisdiction. In other words, we must presume that the petition which formed the basis of the court's order and the evidence which was adduced to support the petition showed every fact that was essential

to give the court jurisdiction to make the order of sale. The rule is different where the judgment of the probate court is rendered in a proceeding not in accord with its statutory jurisdiction, or according to the course of the common law, but concerning a subject matter the jurisdiction of which is conferred upon it by special statutes. In such cases no presumption can be indulged in favor of the court's jurisdiction, but every fact essential to give the court jurisdiction and to substantially meet the requirements of the statute under which the court is proceeding must appear of record. This is the rule stated in *Massey* v. *Doke*, 123 Ark. 211. See also, *Flowers* v. *Reece*, 92 Ark. 611; *Long* v. *Hoffman*, 103 Ark. 574; *Hoshall* v. *Brown*, 102 Ark. 114; *Green* v. *Holzer*, 118 Ark. 533.

(9) Again it is contended that the sale is void because the order of court did not describe the land to be sold. Counsel cites *Mays* v. *Rogers*, 37 Ark. 155 and *Bouldin* v. *Jennings*, 92 Ark. 299. We do not think the cases sustain the contention of counsel. The first case merely holds that it is error for the probate court to order more land to be sold for the payment of debts than is prayed for in the petition. The second case holds that if the proceedings for the sale of the tract of land all proceed with a void description of the land the sale is a nullity. In the instant case all the lands owned by the decedent were asked to be sold in the petition and were sold under proper orders of the court.

(10) Again it is contended that the sale is void because the administratrix did not make a report thereof in compliance with the statute. Kirby's Digest, Section 3793, provides that all probate sales of real estate made pursuant to proceedings not in substantial compliance with the statutory provisions, shall be voidable. In the case of *Mobbs* v. *Millard*, 106 Ark. 563, we held that the word voidable as used in the statute means void.

In the instant case the deed executed by the administratrix contains an endorsement that it was examined and approved by the probate judge. The deed recites the names of the purchasers and the amount of the purchase

price. The endorsement of the probate judge shows that he read the deed. There is also in the record an order of the probate court to the effect that the court approved the deed and confirmed the sale. This is in effect a substantial compliance with the statute within the rule announced in *Landreth* v. *Henson*, 116 Ark. 361, and other decisions of this court.

(11)  We now come to the consideration of the Drew County land. In regard to it we think the chancellor erred in holding that A. R. Russell did not have a homestead right in it. The Drew County tract which A. R. Russell claimed as a homestead comprised fifty acres and adjoined the tract in Bradley County on which Mr. Russell and his wife resided and which was her homestead by virtue of the death of her first husband. Mr. Russell entered the land in Drew County and received a donation deed from the State after complying with the statutes of the State in regard to residence on the land and clearing and improving the same. It is true the house which he had erected on the land had fallen somewhat into decay, but it was still habitable and a part of the land was cleared and in cultivation. It is also true that Mr. Russell resided on the homestead of his wife at the time of his death, but the land claimed by him as his own homestead was adjoining this and was cultivated by himself every year. The fact that Mr. Russell left the Drew County land sometime after he received his donation deed from the State and went back to reside with his wife on her homestead, did not under the circumstances work an abandonment or forfeiture of his own homestead right in the land in Drew County. Mr. Russell claimed the Drew County land as his homestead and exercised such acts of ownership over it as tended to establish this fact.

(12-13)  We think under all the facts and circumstances of this case that Mr. Russell had a homestead interest in the Drew County land. The sale of this land was ordered by the probate court during the minority of his children. It is the settled law of this State that the sale of the homestead to pay debts by the adminis-

trator during the minority of the children of the person owning the homestead is void. *Martin* v. *Conner*, 115 Ark. 359; *Jarrett* v. *Jarrett*, 113 Ark. 135. But it is sought to uphold the finding of the chancellor on the ground that the plaintiff is barred of relief by the statute of limitations. In regard to this contention but little need be said. As we have already seen the land was the homestead of Mr. Russell and the statute of limitations did not begin to run until his youngest child became of age. Two of his children did not become twenty-one years of age until about the time this suit was brought. Hence the statute of limitations is not available as a defense to the action.

(14-15) Another ground for upholding the decision of the chancellor is based upon the confirmation decree. The sale under orders of the probate court was made in 1906 and the sale confirmed and the deed executed to the purchasers and approved by the court in 1907. In 1908 Miller and Daniel, the purchasers at the probate sale conveyed the land to the defendant. The defendant instituted proceedings under Kirby's Digest, section 649, *et seq.*, to confirm its title to the land. A decree of confirmation was entered by the chancery court of Drew County in the summer of 1909. Section 650 of Kirby's Digest provides, that the petitioner seeking confirmation of title shall file in the chancery clerk's office his petition stating facts which show a *prima facie* right and title to the land in himself and that there is no adverse occupancy thereof. The section also provides that if the petitioner has knowledge of any other person who claims an interest in the land, the petitioner shall so state and that such persons shall be summoned as defendants in the case. It is claimed that the agents of the defendant knew of the adverse claims of the heirs of A. R. Russell, deceased, at the time the confirmation proceedings were had. It is true the heirs of A. R. Russell, deceased, were not made parties to the confirmation proceedings. This, however, is a collateral attack on the decree of confirmation and as the court which rendered it was a superior court of general jurisdiction, the presumptions are in

favor of its decree.   Mere errors and irregularities are not grounds for vacating a judgment by way of collateral attack.   A judgment must be assailed only in a direct proceeding in the nature of a review on error.   We must presume that the chancery court passed upon the question as to whether there were any adverse occupants of the land or as to whether the petitioner had knowledge that any other person had an interest in the land.   *Porter* v. *Dooley*, 66 Ark. 1; *Ingram* v. *Sherwood*, 75 Ark. 176; *Cassady* v. *Norris*, 118 Ark. 449.   Section 657 of Kirby's Digest provides that every person under the disability of infancy, lunacy, idiocy, married women under the disability of coverture and those claiming under them may set aside the decree any time within three years after the removal of such disability.

Mrs. Hayes was a married woman at the time the confirmation decree was rendered and is still a married woman.   Two of the heirs of A. R. Russell, deceased, were minors at the time the confirmation decree was entered of record and one became twenty-one years of age about the time of the institution of this suit.   This suit was instituted in less than three years after they became of age.   The statute in express terms provides that they or the persons claiming under them may bring suit.   The present action was instituted in the chancery court where the confirmation proceedings were had.   Therefore, under the views we have above expressed, the plaintiff was entitled to relief as to the interest he purchased from the married woman and from the infant heirs of A. R. Russell, deceased.   It also results from the views we have expressed that he is barred of relief as to the interest purchased from the adult heirs of A. R. Russell, deceased.   It follows that the decision of the chancellor dismissing the complaint of the plaintiff was correct so far as the Bradley County land was concerned and also was correct so far as the interest of the adult heirs in the Drew County land; but his decision was wrong in regard to the interest purchased from Mrs. Hayes, the married woman, and from Cal. Nichols and Will Russell, the two minors.

The chancellor granted the relief pleaded for by the plaintiff as to a very small part of the land in Drew County and from this portion of the decree the defendant has prayed a cross-appeal. In regard to this, it is sufficient to say that an examination of the deeds from the heirs of A. R. Russell, deceased, does not show that they conveyed this part of the land to the plaintiff. He does not show title in it from any other source and is therefore, not entitled to recover this small portion of the tract and the chancellor erred in entering a decree in his favor therefor.

For the errors committed as indicated in the opinion, the decree will be reversed and the cause remanded with directions to enter a decree in conformity with this opinion.

HART, J., on rehearing. Counsel for appellant in his motion for a rehearing earnestly insists that A. R. Russell never acquired any homestead right in the Drew county land. We did not say nor did we mean to hold in the original opinion that the mere fact that Russell donated the land from the State and received a donation deed therefor was conclusive evidence that he acquired a homestead right in it. Article 9, section 4 of the Constitution of 1874, provides that the homestead outside any city, town or village, owned and occupied as a residence shall consist of not exceeding 160 acres of land, etc. Both the Bradley county and the Drew county lands attempted to be impressed with the homestead character by Russell, did not amount to 160 acres. The record shows that Russell established his personal residence on the land in Drew County when he made application for donation. He occupied the land and made the improvements and performed all the acts required of him and made proof thereof to the regular established authorities. After making the proof, he received a donation deed from the State and there is nothing whatever to show that it was procured by fraud. On the contrary practically the undisputed evidence shows that Russell intended to impress this land and the Bradley county land upon

which his wife's residence was situated, with the home-
stead character. In short he *bona fide* attempted to
establish his own homestead on both the Bradley and
Drew county lands and we hold that he acquired a right
of homestead in the Drew county land. We also adhere
to our original opinion that he has not acquired any home-
stead in the Bradley county lands for the reason therein
given.

It is next insisted by counsel for appellant that if
Russell acquired a homestead right in the Drew County
land he lost it by abandonment. They contend that he
left the Drew county land and went to reside with his
wife on the Bradley county land and never intended to
return to the Drew county land. This is true in a quali-
fied sense only. It will be remembered that the lands in
Bradley county and in Drew county adjoined. Russell
purchased the interests of the heirs of the first husband
of his wife and on that account thought that he had
acquired a homestead interest in that land. As we have
already seen Russell was entitled to a rural homestead
of 160 acres and he might acquire additional land as a
homestead to that already acquired in Drew county.
He was not required to reside on any particular portion
of it. A homestead necessarily includes the idea of a
house for a residence, but it also includes that part of a
man's landed property which is contiguous to his dwelling
house. We have held that Russell did not acquire any
homestead right to the Bradley county land because his
wife already had a homestead in it which she did not lose
by marrying him. We do not think that because Russell
failed to acquire a homestead interest in the Bradley
county land is any good reason why he should lose his
homestead right in the Drew county land.

There is nothing whatever in the record tending to
show that he intended to abandon his homestead right
in the Drew county land. He had a right to enlarge his
homestead by acquiring other lands contiguous thereto.
He did not succeed but because he did not succeed in
enlarging his homestead is no reason for holding that he
abandoned that which he had already acquired. There is

no evidence whatever in the record tending to show that he intended to abandon his homestead in the Drew county land but on the contrary the practically undisputed testimony tends to show that he endeavored to enlarge it by adding thereto the Bradley county land.

As we have already seen this land was contiguous to the land already owned by him as a homestead and that both tracts did not amount to as much as he was allowed under our statute. Therefore, but for his wife, already having a homestead in the Bradley county land, Russell by purchase from the heirs, would have acquired that tract as a part of his homestead and could have added it to the Drew county land and held and occupied both tracts as his homestead.

The record shows that he only intended to live on the Bradley county land because it was a part of his homestead. He regarded both it and the Drew county land as his homestead and there is nothing in the record tending to show that he abandoned his homestead in Drew county.

The motion for a rehearing will be denied.