WATKINS *v.* REED-HARLAN GROCERY COMPANY.

4-4984

Opinion delivered March 28, 1938.

*Northcutt & Northcutt,* for appellants.

Oscar E. Ellis, for appellee.

HUMPHREYS, J. This suit originated in the probate court of Fulton county by a petition of appellee to order the sale of certain real estate in said county belonging to the estate of J. C. Watkins, deceased, to satisfy a claim of $241.63 with interest thereon, alleging that there was no personal property belonging to said estate in the hands of the administratrix to pay the claim; that said real estate was not the homestead of J. C. Watkins, deceased, and that prior to filing the petition appellees gave written notice to the administratrix to apply to said court for an order to sell enough land to satisfy appellees' claim and that said administratrix failed to apply for the sale thereof within sixty days from the date of the notice as provided by statute. The petition was filed April 9, 1937. It was alleged in said petition that the claim was duly established by order of the probate court on October 21, 1935. On May 22, 1937, the administratrix appeared and resisted the making of the order to sell the land on the ground that the claim had not been presented to her before it was allowed by the probate court, and for that reason the probate court had no jurisdiction to order the sale of the real estate or to order any part thereof sold to pay the claim. On May 22, 1937, the probate court heard the application upon the pleadings and the evidence adduced and ordered that the administratrix should sell sufficient of the described lands to pay the claim of appellee setting out the terms of the sale.

After the court's order, P. E. Watkins, as the only heir at law of J. C. Watkins, deceased, duly prosecuted an appeal from the probate court to the circuit court of Fulton county. Upon a hearing of the case in the circuit court the cause was tried without the intervention of a jury by agreement of the parties, resulting in a judgment in favor of appellee for $200 with interest at the rate of 6 per cent. per annum from October 21, 1935, and the cause was thereupon remanded to the probate court of Fulton county to continue with the sale of said property in accordance with the law as provided by statute, whereupon the said P. E. Watkins, the sole heir of the deceased,

prayed and was granted an appeal from the judgment of the circuit court to this court.

The record reflects that letters of administration were issued July 31, 1931, to N. M. Watkins, the widow of J. C. Watkins, deceased, and that on October 21, 1935, the probate court found and set out the debts and claims against the estate of J. C. Watkins, deceased, among them being one in favor of Reed-Harlan Grocery Company for $200. After finding the list of claims owed by said estate an order was entered directing the administratrix to sell certain real estate to pay the claims. The administratrix thereafter paid all the claims except the claim which had been allowed in favor of appellee and on December 16, 1935, she issued a check to pay appellee's claim which was not paid by the drawee because there was not sufficient funds in the bank to pay same. There is a notation on the check "for J. C. Watkins', deceased, account in full." One of the witnesses, Oscar E. Ellis, who had acted as an attorney, testified that the lands sold to pay the claims was not sufficient to do so, and the administratrix testified that all the claims had been paid by her, except the claim of appellee, out of the proceeds of the land sold pursuant to the order of the probate court.

The only defense interposed by the administratrix of the estate to the petition to sell additional lands to satisfy appellee's claim is that its claim was never presented to the administratrix for allowance before the order was entered by the probate court allowing the claim. She testified that the claim had not been presented to her for allowance before same was allowed by the probate court on October 21, 1935.

Her answer to the petition in the instant case is a collateral attack upon the judgment of the probate court allowing the claim and such an attack is not allowable in a collateral proceeding for errors and irregularities in the allowance thereof. No appeal was taken from the judgment of date October 21, 1935. *Mays* v. *Rogers, Administrator,* 37 Ark. 155. This court said in the case of *Kulbeth* v. *Drew County Timber Co.,* 125 Ark. 291, 188 S. W. 810, quoting the fourteenth syllabus, that: "Errors and irregularities are not grounds for vacating a judgment

by way of collateral attack. The judgment must be assailed only in a direct proceeding in the nature of a review of error." Of course the judgment of date October 21, 1935, was a final judgment and, no appeal having been taken therefrom, cannot be attacked in a collateral proceeding such as the instant one is.

No error appearing, the judgment is affirmed.