WAFFORD *v.* BUCKNER.

4-8971                                            224 S. W. 2d 35

Opinion delivered November 7, 1949.

Rehearing denied December 5, 1949.

*A. D. Chavis,* for appellant Walsh, and *Jay W. Dickey,* for appellants Wafford and Haskins.

*Henry W. Smith,* for appellee.

LEFLAR, J. The lands involved here were before this Court in *Walsh* v. *Buckner,* 209 Ark. 320, 190 S. W. 2d 447, decided four years ago. A statement of the facts in the earlier case is essential to an understanding of the present litigation. That case arose from a bill in equity brought by Walsh in Jefferson County Chancery Court to quiet title to eighty acres of wild and unimproved land. The bill was in proper form for a regular *in rem* proceeding to quiet title, and the notice required by law was duly published. Mrs. Lena Buckner, a named defendant, filed a cross-complaint asking that the title be quieted in her, her claim being based primarily on adverse possession. The Chancellor found for the cross-complainant and entered a decree quieting the title in her. On Walsh's appeal, this court held for Walsh as to the north forty acres of the tract, concluding that Mrs. Buckner did not establish adverse possession thereof. As to that tract, it was ordered that the decree below be

reversed. As to the south forty-acre tract (which is the land involved in the present litigation) this Court held that Walsh failed to show good title in himself because of an outstanding interest in the Reinberger heirs, and then declared that "this decree [of the Chancery Court] as to that tract will be affirmed." The mandate sent from the Supreme Court to the Chancery Court accordingly ordered reversal of the Chancellor's decree as to the north forty acres, but recited that ". . . it is the opinion of the court that there is no error in so much of the proceedings and decree of said chancery court in this cause as held that appellant [Walsh] failed to establish in himself title to the [south forty acres]. It is therefore ordered and decreed by the court that so much of said decree be and the same is hereby affirmed." Thereafter Walsh and Mrs. Buckner through their attorneys (who represent the same parties in the present litigation) agreed to a Supplemental Decree, which was signed by the Chancellor on January 5, 1946, quieting title in the south forty acres in Mrs. Buckner and in the north forty acres in Walsh.

On December 9, 1946, Walsh executed to Wafford and Haskins a warranty deed covering the entire eighty acres. He based his right to do this, as to the south forty acres, on a quitclaim deed from the Reinberger heirs, who now testify that they were making no claim to the land, but were willing for a consideration to quitclaim any interest they might have in it.

The grantees subsequently learned of the decree quieting title to the south forty acres in Mrs. Buckner, and brought the present action against Walsh to recover on the covenant of warranty, naming Mrs. Buckner a defendant also. By cross-complaint Mrs. Buckner sought to have the deed from Reinberger to Walsh and that from Walsh to Wafford and Haskins cancelled as clouds on her title to the south forty acres. A grantee from Mrs. Buckner also intervened, his interest being identical with hers.

Walsh's defense was that the portion of the Supplemental Decree quieting Mrs. Buckner's title in the south

forty acres was a mistake, that the Supreme Court was mistaken in ordering that the title be so quieted, that the Chancellor was mistaken in following the Supreme Court's mistaken order to that effect, and that he was mistaken when he agreed, through his attorney, to the wording of the Supplemental Decree.

The Chancery Court rejected this defense. Its holding was that the Supplemental Decree was in accordance with the Supreme Court's opinion and mandate, and was effective to quiet title in the respective forty-acre tracts according to its terms. Wafford and Haskins were allowed recovery against Walsh on the covenant of warranty, and the deeds from the Reinberger heirs to Walsh and from Walsh to Wafford and Haskins were cancelled, as to the south forty acres, as clouds on Mrs. Buckner's title thereto. From a decree to this effect Walsh now appeals. Wafford and Haskins join in the appeal, presumably for the purpose of making sure that all issues affecting them are settled.

The decree of the Chancery Court is correct. The Supplemental Decree of January 5, 1946, was in accord with the opinion and mandate of this court, and the matters determined therein became *res adjudicata*. If there was error in this court's judgment it should have been brought to our attention in the petition for rehearing. The decree entered in accordance with this court's mandate may not be collaterally attacked either by persons who were directly parties to it or by those whose interests were bound by it as the judgment in a proceeding *in rem.* Ark. Stats. (1947), §§ 34-1901, *et seq.* This includes persons not specifically named as defendants in the title quieting suit, the governing *in rem* and publication statutes having been complied with. *Kulbeth* v. *Drew County Timber Co.,* 125 Ark. 291, 188 S. W. 810; *Champion* v. *Williams,* 165 Ark. 328, 264 S. W. 972. And see *Ballard* v. *Hunter,* 204 U. S. 241, 27 S. Ct. 261, 51 L. Ed. 461.

The decree is affirmed.