

Cite as 2014 Ark. 174

# SUPREME COURT OF ARKANSAS

No. CV–13–931

| | |
|---|---|
| STATE OF ARKANSAS<br><br>APPELLANT<br><br>V.<br><br><br>PATRICIA WEST AND $7550 IN<br>UNITED STATES CURRENCY<br>APPELLEES | **Opinion Delivered** April 17, 2014<br><br>APPEAL FROM THE CRAIGHEAD<br>COUNTY CIRCUIT COURT<br>[NO. CV–2012–246]<br><br>HONORABLE JOHN N. FOGLEMAN,<br>JUDGE<br><br>AFFIRMED. |

**COURTNEY HUDSON GOODSON, Associate Justice**

The State appeals the decision of the Craighead County Circuit Court dismissing a complaint naming both $7550 in United States currency and Patricia West as defendants in the caption. The issues before this court are (1) whether the State was required to obtain personal service over West when she is listed as a defendant in the caption to the State's forfeiture complaint and, (2) whether the warning order was sufficient under Arkansas Rule of Civil Procedure 4 to establish personal jurisdiction over West. We affirm.

As a threshold matter, this court is required to determine if an appeal brought by the State is proper. *State v. A.G.*, 2011 Ark. 244, 383 S.W.3d 317. When this court addresses an appeal by the State, we first determine whether the correct and uniform administration of the criminal law requires our review. *See* Ark. R. App. P.–Crim. 3; *State v. Markham*, 359 Ark. 126, 194 S.W.3d 765 (2004); *State v. Johnson*, 317 Ark. 226, 876 S.W.2d 577 (1994). As a

SLIP OPINION

matter of practice, this court has taken only appeals which are narrow in scope and involve the interpretation of the law. *State v. Pittman*, 360 Ark. 273, 200 S.W.3d 893 (2005); *State v. Warren*, 345 Ark. 508, 49 S.W.3d 103 (2001). However, when a case involves neither a direct nor an interlocutory appeal following a prosecution, but is civil in nature arising from a collateral proceeding, the State is not required to satisfy Rule 3. *State v. Wilmoth*, 369 Ark. 346, 255 S.W.3d 419 (2007). This court has recognized that forfeiture is an in rem civil proceeding, independent of any pending criminal charges, to be decided by a preponderance of the evidence. *Lewis v. State*, 309 Ark. 392, 831 S.W.2d 145 (1992). Because the present appeal is civil in nature and is entirely independent of any criminal charges, the State need not satisfy Rule 3. We now turn to the facts of this case.

On April 13, 2012, the State filed a complaint seeking forfeiture of $7550 in United States currency. According to the complaint, the money was recovered during a search of a residence in Jonesboro. The complaint, although titled "In Rem Complaint," is styled as State of Arkansas v. $7550 in United States Currency and Patricia West. In addition to the complaint, the State provided a copy of a confiscation report stating that $7550 in cash was seized from West. The confiscation report listed West's address as the same address where the search occurred.

On August 1, 2012, the State filed an affidavit signed by Charles Easterling, Deputy Prosecuting Attorney for Craighead County, stating that "this is an in rem action for forfeiture of personal property," "unknown persons may claim an ownership interest in the property," and that "a Warning Order should be issued by the Clerk of this Court for publication in this

SLIP OPINION

case pursuant to Rule 4(j) of the Arkansas Rules of Civil Procedure." Thereafter, on August 2 and 9, 2012, The Jonesboro Sun published a warning order relating to the $7550. In addition, the warning order identified the case as State of Arkansas v. $7550 in United States Currency and Patricia West Defendant.

On December 21, 2012, West filed a motion to dismiss the complaint, alleging that the State failed to obtain service on her within 120 days of the filing of the complaint pursuant to Arkansas Rule of Civil Procedure 4. Subsequently, on January 11, 2013, the State filed a motion for default judgment alleging that West failed to file an answer to the complaint. On March 14, 2013, West filed a supplemental brief in support of her motion to dismiss as well as an amended answer to the complaint. In her brief, West asserted that the State commenced the forfeiture action on April 13, 2012, but that she did not receive the mailed copy of the summons, complaint, and warning order until August 16, 2012, which was 125 days after the action had commenced.

After a hearing held on May 30, 2013, the circuit court granted West's motion to dismiss. The circuit court filed an order memorializing its decision on August 5, 2013. In its order, the circuit court framed the question as whether a known individual, who had the subject of the seizure in her constructive possession, needed to be subject personally to the jurisdiction of the circuit court. The circuit court found that the State knew, at least presumptively, that West did have an interest in the currency because it was in her purse, according to the allegations of the complaint. Thus, the circuit court concluded that West must be subject personally to the jurisdiction of the court, and that service by warning order

was not proper as to West. The State filed a notice of appeal from the order granting West's motion to dismiss on August 19, 2013.

This court reviews a circuit court's factual conclusions regarding service of process under a clearly erroneous standard. *Smith v. Edwards*, 279 Ark. 79, 648 S.W.2d 482 (1983) (holding that the trial court's finding that appellant did not make a diligent search as required under Rule 4(f) was supported by the evidence and was not clearly erroneous). However, when a complaint is dismissed on a question of law, this court conducts a de novo review. *Fatpipe, Inc. v. State*, 2012 Ark. 248, 410 S.W.3d 574.

Arkansas law is long settled that service of valid process is necessary to give a court jurisdiction over a defendant. *Raymond v. Raymond*, 343 Ark. 480, 36 S.W.3d 733 (2001) (citing *Tucker v. Johnson*, 275 Ark. 61, 628 S.W.2d 281 (1982)). Our case law is equally well-settled that statutory service requirements, being in derogation of common-law rights, must be strictly construed and compliance with them must be exact. *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 120 S.W.3d 525 (2003); *Carruth v. Design Interiors, Inc.*, 324 Ark. 373, 921 S.W.2d 944 (1996) (citing *Wilburn v. Keenan Cos., Inc.*, 298 Ark. 461, 768 S.W.2d 531 (1989) and *Edmonson v. Farris*, 263 Ark. 505, 565 S.W.2d 617 (1978)). This court has held that the same reasoning applies to service requirements imposed by court rules. Pursuant to Rule 4(i) of the Arkansas Rules of Civil Procedure, it is also mandatory that the trial court dismiss the action without prejudice if service is not made within 120 days of filing the complaint and no motion to extend is timely made. Ark. R. Civ. P. 4(i); *Lyons v. Forrest City Machine Works, Inc.*, 301 Ark. 559, 785 S.W.2d 220 (1990) (holding service of process not

proper under Rule 4(d)(5) and dismissal mandatory under Rule 4(i) where summons was addressed to F.C. Machine Works and the return showed that F.C. Machine Works was served as "the person named therein as defendant," but the appellant failed to produce any evidence to show that the plant manager, or any other proper person under Rule 4(d)(5), was served on behalf of F.C. Machine Works); *see also Cole v. First Nat'l Bank of Ft. Smith*, 304 Ark. 26, 800 S.W.2d 412 (1990); *Lawson v. Edmondson*, 302 Ark. 46, 786 S.W.2d 823 (1990).

Acts for forfeiture may be based on in rem or in personam jurisdiction. Ark. Code Ann. § 5-64-505(g)(1)(B) (Repl. 2005). Yet, the mere labeling of the complaint as a forfeiture action is not sufficient to conclude that the proceeding is in rem. The State maintains that the inclusion of West as a named defendant in the complaint did not change the substance of the action as an in rem proceeding against the currency. *See, e.g.*, *Dodge v. Lee*, 352 Ark. 235, 100 S.W.3d 107 (2003) (acknowledging that this court has repeatedly construed pleadings in a liberal manner and looked to the substance of a pleading, beyond its actual form). The State contends that, although she was named in the caption to the complaint, West was not actually a defendant but was only a known owner or interest holder in the currency.

This court has recognized that there is a difference between persons who are not named as defendants in an in rem proceeding and persons who are named as defendants in such a proceeding. *Wafford v. Buckner*, 216 Ark. 36, 224 S.W.2d 35 (1949) (holding that a chancery court decree entered in accordance with this court's mandate may not be collaterally attacked either by persons who were parties to the action or by those whose interests were bound by it as the judgment in a proceeding in rem). More recently, in *Solis v. State*, 371 Ark. 590, 269

SLIP OPINION

S.W.3d 352 (2007), we indicated that, generally, in an in rem action, we look to the caption of the complaint to identify the parties to the action, rather than looking to the defendants identified in the summons. While we are mindful that the present appeal involves the caption of the complaint—whereas the issue in *Solis* involved the defendants named in the summons—*Solis* is instructive on the accepted procedure for an in rem forfeiture action and on the distinction between naming a person as a defendant in the caption of the complaint and naming a person as a defendant in the summons.

While Rule 4 does not purport to dictate who must be named as a party in an in rem action, the State did name West as a defendant in the caption of the complaint. *Solis, supra*. Under our rules, party status is generally obtained by initiating an action through filing a complaint or responding to a complaint by answer. *In re $3,166,199*, 337 Ark. 74, 987 S.W.2d 663 (1999). Thus, naming a person in the caption of a complaint is more than an issue of mere form as the State contends. Rather, the caption serves to identify the parties to an action. Arkansas law is long settled that service of valid process is necessary to give a court jurisdiction over a defendant. *Nucor Corp. v. Kilman*, 358 Ark. 107, 186 S.W.3d 720 (2004); *see also* Ark. R. Civ. P. 10(a) (providing that, in the complaint, the title of the action shall include the names of all the parties). When there has been no proper service and, therefore, no personal jurisdiction over the defendants in a case, any judgment is void ab initio. *Rose v. Harbor E., Inc.*, 2013 Ark. 496, ___S.W.3d___. We conclude that, because the State did not personally serve West, who was listed as a defendant in the caption of the complaint, the circuit court did not err in dismissing the action against West.

6

Moreover, we hold that service by publication in these circumstances was not sufficient to establish personal jurisdiction over West. Rule 4 provides for service by warning order if it appears by the affidavit of a party seeking judgment or his or her attorney that, after diligent inquiry, the identity or whereabouts of a defendant remains unknown, or if a party seeks a judgment that affects or may affect the rights of persons who are not and who need not be subject personally to the jurisdiction of the court. Ark. R. Civ. P. 4(f)(1). As a defendant named in the caption of the complaint, West did need to be subject personally to the jurisdiction of the court. Furthermore, the burden is on the party attempting service by publication to attempt to locate a missing or unknown defendant. *Edwards*, *supra*; *see also Gilbreath v. Union Bank*, 309 Ark. 360, 830 S.W.2d 854 (1992). The State offered no evidence that it attempted to locate West before resorting to service by publication. While the State submitted an affidavit in support of the warning order alleging that unknown persons may have an interest in the currency, the affidavit did not state that the identity or whereabouts of West, who was named in the caption of the forfeiture complaint, remained unknown after diligent inquiry. Where no diligent inquiry is made under Rule 4(f)(1), this court has affirmed dismissal of a complaint for improper service of process. *Gilbreath*, *supra*. We hold that the requirements for service by publication are not satisfied when the State fails to show by affidavit that, after diligent inquiry, the identity or whereabouts of a defendant named in the caption of a complaint remains unknown. *See* Ark. R. Civ. P. 4(j) cmt. 12.

Affirmed.

*Dustin McDaniel*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellant.
*Law Office of Mark Rees*, by: *Mark Rees*; and *Brian G. Brooks, Attorney at Law, PLLC*, by: *Brian G. Brooks*, for appellees.